UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| HARRY FOSTER, III, and <br> LINDA FOSTER, <br><br> Plaintiffs, <br><br> v. <br><br> STATE FARM FIRE AND <br> CASUALTY COMPANY, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CAUSE NO. 1:10-cv-020 <br> ) <br> ) <br> ) <br> ) <br> ) |

## OPINION and ORDER

Before the Court is a motion (DE# 23) filed by Plaintiffs Harry Foster, III, and Linda Foster ("the Fosters"), requesting an extension of time under Local Rule 6.1(b) to perform some discovery before responding to Defendant State Farm Fire and Casualty Company's ("State Farm") summary judgment motion (DE# 21). The summary judgment motion asserts that the Fosters breached their homeowner's policy after a fire loss and, consequently, that the policy should be deemed null and void; and that State Farm did not act in bad faith in its handling of the Fosters' insurance claim. For the reasons stated herein, the motion for an extension of time will be DENIED WITHOUT PREJUDICE.

At the outset, the Fosters do not cite, let alone argue, the applicable Federal Rule of Civil Procedure. In particular, former Rule 56(f) (effective December 1, 2010, re-styled without substantial change as subsection (d)) provides that a summary judgment motion may be continued if the non-movant has not had an opportunity to take adequate discovery. Fed. R. Civ. P. 56(d); *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986); *Deere & Co. v. Ohio Gear*, 462

F.3d 701, 706 (7th Cir. 2006); *Farmer v. Brennan*, 81 F.3d 1444, 1449 (7th Cir. 1996). "Rule 56[(d)] is intended as a safeguard against a premature grant of summary judgment . . . ; thus we should construe the rule liberally and not find violations on rigid technical grounds." *King v. Cooke*, 26 F.3d 720, 726 (7th Cir. 1994).

The Seventh Circuit Court of Appeals requires a party seeking the protection of Rule 56(d) to make a good faith showing that he cannot respond to the movant's affidavits. *Kalis v. Colgate-Palmolive* Co., 231 F.3d 1049, 1058 n.5 (7th Cir. 2000); *Neal v. Dana Corp.*, No. 1:01-CV-393, 2002 WL 32144315, at *1 (N.D. Ind. June 5, 2002). This requires the filing of an affidavit or declaration by the non-movant, articulating the reasons why he is unable to submit the necessary material to the court. *Deere*, 462 F.3d at 706; *Kalis*, 231 F.3d at 1058 n.5; *Neal*, 2002 WL 32144315, at *1. The non-movant must also identify the material facts that he anticipates discovering. *See Grundstad v. Ritt*, 166 F.3d 867, 873 (7th Cir. 1999); *Neal*, 2002 WL 32144315, at *1. Additionally, a plaintiff must show that he has not been dilatory in pursuing discovery.[1] *Kalis*, 231 F.3d at 1058 n.5; *Neal*, 2002 WL 32144315, at *1.

Here, the Fosters have offered no affidavits or declarations concerning any of these critical points. They do produce a set of interrogatories and document requests (served apparently after the summary judgment motion was filed) but leave it to the Court to discern, if possible, their particular applicability to State Farm's summary judgment motion. *See*

---

[1] Relevant factors to consider include "(1) the length of the pendency of the case prior to the Rule 56[(d)] request; (2) whether and when plaintiff could have anticipated its need for the requested discovery; (3) the previous efforts, if any, made by plaintiff to obtain the needed information either through discovery or otherwise; (4) the degree and nature of discovery already undertaken; (5) any limitations placed upon discovery previously by the trial court; (6) any prior solicitations of or provisions for discovery by the trial court; (7) any warning which plaintiff might have had that, absent a speedier request, discovery might be denied and his claim dismissed; and (8) whether the requested information was inaccessible to plaintiff." *Neal*, 2002 WL 32144315, at *2 (quoting *Theotokatos v. Sara Lee Pers. Prods.*, 971 F. Supp 332, 344 (N.D. Ill. 1997)).

*Grundstad*, 166 F.3d at 873 (finding vague assertions that discovery would develop genuine issues of material fact insufficient to grant continuance). Although the Fosters maintain in their response brief that most of the discovery goes to State Farm's alleged bad faith and in particular, "whether or not [State Farm's] procedures and practices were specifically employed to fabricate a noncompliance or non-cooperation issue", they offer no concrete examples on, for instance, an "interrogatory by interrogatory" basis.

Finally, although discovery has been open for over nine months, the Fosters do not say why this particular discovery was not undertaken sooner, although they seem to suggest in their response brief that the lack of diligence concerning discovery has been somewhat mutual. (*See* Resp. Br. ¶ 5.) The problem with this argument, however, is that the focus is on the Foster's own lack of diligence, a point largely left unexplored in the record they have presented. *Kalis*, 231 F.3d at 1058 n.5.

Accordingly, the Fosters' request for leave to conduct discovery (DE# 23) is DENIED WITHOUT PREJUDICE. Any new motion under Rule 56(d) should discuss the factors outlined in this Opinion and should provide a discussion of each interrogatory and document request and how that discovery would preclude the entry of summary judgment.

SO ORDERED.

Enter for December 28, 2010.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge