# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

| | |
|---|---|
| **HARRY FOSTER, III, et al.,** ) | |
| ) | |
|     **Plaintiffs,** ) | |
| ) | |
|     **v.** ) | **CAUSE NO. 1:10-CV-20** |
| ) | |
| **STATE FARM FIRE AND CASUALTY** ) | |
| **COMPANY,** ) | |
| ) | |
|     **Defendant.** ) | |

## OPINION AND ORDER

Before the Court is a purported stipulation by the parties seeking approval of a proposed

protective order pursuant to Federal Rule of Civil Procedure 26(c). (Docket # 33.)  As the

proposed order contains a plethora of deficiencies, it will be DENIED.

First, the term ""Confidential" is never specifically defined in the proposed order,

rendering the order overly-inclusive and vague. (*See* Proposed Agreed Protective Order ¶ 1.)  A

protective order must extend only to "properly demarcated categor[ies] of legitimately

confidential information." *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d

943, 946 (7th Cir. 1999) (noting that a broad protective order granting carte blanche discretion to

a party is invalid); *see also MRS Invs. v. Meridian Sports, Inc.*, No. IP 99-1954-C-F/M, 2002 WL

193140, at *1 (S.D. Ind. Feb. 6, 2002) (rejecting proposed protective order because categories of

protected information were overly broad and vague); *Cook Inc. v. Boston Scientific Corp.*, 206

F.R.D. 244, 248-49 (S.D. Ind. 2001); *Andrew Corp. v. Rossi,* 180 F.R.D. 338, 342 (N.D. Ill.

1998).

Furthermore, as to Defendant's desire to protect its employee personnel files, "not all information in an employee's personnel file is considered private." *Little v. Mitsubishi Motor Mfg. of Am., Inc.*, No. 04-1034, 2006 WL 1554317, at *4 (C.D. Ill. June 5, 2006). "Indeed, there is nothing confidential about an employee's job title, job description, hiring date, or work assignment and location." *Id.*; *see also Smith v. City of Chicago*, No. 04 C 2710, 2005 WL 3215572, at *2 (N.D. Ill. 2005).

Moreover, the proposed order provides for the filing under seal of entire documents that "contain" or "include" confidential information, instead of more narrowly protecting the actual confidential material through redaction. (Proposed Agreed Protective Order ¶¶ 1, 12); *Cincinnati Insurance*, 178 F.3d at 945 (stating that an order sealing documents containing confidential information is overly broad because a document containing confidential information may also contain material that is not confidential, in which case a party's interest in maintaining the confidential information would be adequately protected by redacting only portions of the document). The proposed order should provide for the contemporaneous public filing of a redacted version of the document (in which only the actual confidential material is redacted) when an unredacted version is filed under seal.

In addition, paragraph 20 of the proposed order states that it shall continue to be binding after the conclusion of the litigation and that the Court will retain jurisdiction. However, "[t]he Court is unwilling to enter a protective order that requires the Court to retain jurisdiction of any kind after the resolution of the case." *E.E.O.C. v. Clarice's Home Care Serv., Inc.*, No. 3:07-cv-601 GPM, 2008 WL 345588, at *2 (S.D. Ill. Feb. 7, 2008) (encouraging the parties to make a

contractual agreement among themselves for the return of sensitive documents without court oversight); *see also Large v. Mobile Tool Int'l, Inc.*, No. 1:02-CV-177, 2010 WL 3120254, at *1 (N.D. Ind. Aug. 6, 2010). The Court is similarly unwilling to enter an order that attempts to bind "any future party" to the litigation. (Proposed Agreed Protective Order ¶ 19.)

Finally, although Defendant claims the proposed Order is agreed to by the parties, neither the Motion or the proposed Order are signed by Plaintiff's counsel.

It is important to remember that "the public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding." *Cincinnati Insurance*, 178 F.3d at 945-46 (noting that a broad protective order granting carte blanche discretion to a party is invalid). The Seventh Circuit Court of Appeals has "insisted that litigation be conducted in public to the maximum extent consistent with respecting trade secrets, the identities of undercover agents, and other facts that should be held in confidence." *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006). That is, "[w]hat happens in federal courts is presumptively open to public scrutiny." *Id*. "People who want secrecy should opt for arbitration. When they call on the courts, they must accept the openness that goes with subsidized dispute resolution by public (and publicly accountable) officials. Judicial proceedings are public rather than private property . . . ." *Union Oil Co. of Ca. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000).

Accordingly, the Seventh Circuit Court of Appeals has repeatedly held that overly broad protective orders are invalid. *See, e.g., Cincinnati Insurance*, 178 F.3d at 945. "Obtaining a protective order in an appropriate case need not be a[n] onerous task. But such an order may not issue absent an appropriate showing of good cause, as well as adherence to the other limitations

the Seventh Circuit has emphasized apply to such orders." *Shepard v. Humke*, IP 01-1103-C-

H/K, 2003 WL 1702256, at *2 (S.D. Ind. Mar. 28, 2003).

Of course, the parties may submit a revised protective order consistent with the

requirements of Federal Rule of Civil Procedure 26(c)(7) and Seventh Circuit case law, but what

has been submitted thus far is inadequate.  For these reasons, the Court hereby DENIES approval

of the proposed agreed protective order submitted by Defendant (Docket # 33).

SO ORDERED.

Enter for this 7th day of June, 2011.

S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge
